IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED SPINAL ASSOCIATION; NOT DEAD YET; INSTITUTE FOR PATIENTS' RIGHTS; COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE; LONNIE VANHOOK; INGRID TISCHER,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; GAVIN NEWSOM, in his official capacity as Governor; ROBERT BONTA in his official capacity as Attorney General; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; TOMÁS J. ARAGÓN, in his official capacity as Director and State Public Health Officer; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; MICHELLE BAASS, in her official capacity as Director; MENTAL HEALTH SERVICES OVERSIGHT AND ACCOUNTABILITY COMMISSION; MARA MADRIGAL-WEISS, in her official capacity as Chair; MEDICAL BOARD OF CALIFORNIA; KRISTINA D. LAWSON, in her official capacity as President;** | 2:23-cv-03107-FLA (GJSx)<br><br>**[PROPOSED] ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE [DKT. 20]** |

|   |   |
|---|---|
| 1 | **DISTRICT ATTORNEY'S OFFICE FOR LOS ANGELES COUNTY;** |
| 2 | **GEORGE GASCÓN, in his official capacity as District Attorney; and** |
| 3 | **DOES 1 through 20, inclusive,** |
| 4 | Defendants. |

On April 25, 2023, Plaintiffs United Spinal Association; Not Dead Yet; Institute for Patients' Rights; Communities Actively Living Independent and Free; Lonnie VanHook; and Ingrid Tischer filed a Complaint seeking to invalidate and permanently enjoin operation of California's End of Life Option Act (EOLOA). The Complaint alleges that the EOLOA facially violates Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (Section 504), as well as the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

On July 20, 2023, Defendants State of California; Gavin Newsom, in his official capacity as Governor of California; Rob Bonta in his official capacity as Attorney General of California; California Department of Public Health; Tomás J. Aragón, in his official capacity as Director of the California Department of Public Health and State Public Health Officer; California Department of Health Care Services; Michelle Baass, in her official capacity as Director of the California Department of Health Care Services; Mental Health Services Oversight and Accountability Commission; Mara Madrigal-Weiss, in her official capacity as Chair of the Mental Health Services Oversight and Accountability Commission; Medical Board of California; and Kristina D. Lawson, in her official capacity as President of the Medical Board of California (collectively, State Defendants), filed a Motion to Dismiss the Complaint.

The State Defendants argue that the court lacks jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs have failed to establish Article

1  III standing.  The State Defendants also contend that the constitutional claims
2  against Defendants Newsom, Aragón, and Madrigal-Weiss must be dismissed on
3  Eleventh Amendment immunity grounds.  Finally, the State Defendants submit that
4  dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) because
5  Plaintiffs fail to state viable statutory and constitutional claims.  Having considered
6  the parties' papers and arguments made at the hearing held on September 22, 2023,
7  the court finds that this case should be dismissed with prejudice and without leave
8  to amend.
9     Initially, all Plaintiffs lack Article III standing to pursue their claims.
10 Individual Plaintiffs VanHook and Tischer have not sufficiently alleged a
11 cognizable injury in fact because the Complaint makes clear that they are not
12 currently eligible for treatment under the EOLOA.  In any event, even if eligible,
13 Ninth Circuit precedent unequivocally forecloses their asserted injury—i.e., that
14 they are likely to involuntarily seek, obtain, and ingest an aid-in-dying drug against
15 their true intentions.  *Lee v. Oregon*, 107 F.3d 1382, 1388-90 (9th Cir. 1997).
16 Moreover, the EOLOA's intentional design that ensures a patient's voluntary
17 choice, along with the multiple instances of third-party conduct that are necessary
18 for an involuntary death to manifest, necessarily mean that the injury alleged in the
19 Complaint is not one fairly traceable to any conduct of the State Defendants.
20    The organizational Plaintiffs also lack standing.  Though they allege a direct
21 injury via diversion of resources to counteract the effects of the EOLOA, these
22 Plaintiffs have not sufficiently alleged that the Act does anything to frustrate or
23 impede their organizational missions.  As such, the law does not force these
24 organizations to choose between accepting infringement of their advocacy missions
25 and expending resources to prevent such frustration.  Necessarily then, the
26 organizational Plaintiffs' diversion of resources constitutes a self-inflicted injury
27 and is not fairly traceable to the EOLOA or any conduct of the State Defendants.
28 Additionally, to the extent the organizational Plaintiffs assert associational standing

based on the alleged injuries of their members under the EOLOA, they, like the individual-patient Plaintiffs, cannot demonstrate that those members could assert a concrete, non-speculative injury in fact.

Plaintiffs' constitutional claims against Defendants Newsom, Aragón, and Madrigal-Weiss must also be dismissed on account of California's Eleventh Amendment immunity. Though public officials may be sued for prospective injunctive relief in some circumstances, *Ex parte Young*, 209 U.S. 123, 155-57 (1908), the Complaint has not alleged facts sufficient to show that these public officials have the type of direct connection to the EOLOA's operation and process that warrants an exception to the State's immunity.

Plaintiffs also fail to state any colorable statutory or constitutional claim. As to their facial challenges under the ADA and Section 504, Plaintiffs cannot demonstrate that all applications of the EOLOA result in unlawful discrimination on the basis of disability. To the contrary, rather than disadvantaging terminally ill disabled persons in any way, the Act affords these patients an additional, fully voluntary option for end-of-life care. The mere fact that a terminally ill disabled patient who requests an aid-in-dying drug and receives such different medical treatment based on a terminal illness that also constitutes a disability does not give rise to liability under federal disability discrimination statutes.

Plaintiffs' facial equal protection claim likewise cannot succeed because terminally ill patients eligible under the EOLOA are not similarly situated to other persons who may desire medical aid in dying. Only this classification of persons, who face the imminent and medically confirmed prospect of death from an incurable disease, fit within the State's balancing of its pertinent interests, most prominently, its general interest in the preservation of life and it specific interests in safeguarding the physical and mental well-being of adult Californians who will soon die. Nevertheless, even if Plaintiffs could establish similarly situated classifications, the differing treatment afforded under the EOLOA is rationally

related to the State's important interests in safeguarding the right of terminally ill persons to choose their end-of-life care and to mitigate the physical pain and mental anguish associated with the dying process.

Finally, Plaintiffs' facial due process challenge fails because they have not and cannot allege that all applications of the EOLOA are the product of a patient's involuntary decision-making. To the contrary, the Act is explicitly designed to ensure the patient's voluntary consent at every step of the process. Plaintiffs have failed to alleged facts sufficient to demonstrate that the State Defendants have acted with deliberate indifference to risks caused by affording certain Californians the option of aid in dying.

The deficiencies identified in the Complaint, both jurisdictional and as to the claims themselves, are not the type susceptible to cure through amendment. Accordingly, the court, having considered the parties' pleadings and the arguments of counsel made at the hearing, hereby GRANTS the State Defendants' Motion and ORDERS this case dismissed with prejudice and without leave to amend. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011) (dismissal without leave to amend appropriate where complaint cannot be saved by any amendment); *see also Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1046-47 (9th Cir. 2011) (affirming dismissal without leave to amend).

IT IS SO ORDERED.

Dated: _____        _____
                                    FERNANDO L. AENLLE-ROCHA
                                    United States District Judge

5