ROB BONTA
Attorney General of California
EDWARD KIM, State Bar No. 195729
DARRELL W. SPENCE, State Bar No. 248011
Supervising Deputy Attorneys General
MARSHA E. BARR-FERNANDEZ, State Bar No. 200896
CHRISTINE FRIAR WALTON, State Bar No. 228421
KEVIN L. QUADE, State Bar No. 285197
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7693
  Fax:  (916) 324-5567
  E-mail:  Kevin.Quade@doj.ca.gov
           Christine.Walton@doj.ca.gov
           Marsha.BarrFernandez@doj.ca.gov
*Attorneys for the State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED SPINAL ASSOCIATION; NOT DEAD YET; INSTITUTE FOR PATIENTS' RIGHTS; COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE; LONNIE VANHOOK; and INGRID TISCHER,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; GAVIN NEWSOM, in his official capacity as Governor; ROBERT BONTA in his official capacity as Attorney General; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; TOMÁS J. ARAGÓN, in his official capacity as Director and State Public Health Officer; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; MICHELLE BAASS, in her official capacity as Director; MENTAL HEALTH SERVICES OVERSIGHT AND ACCOUNTABILITY COMMISSION; MARA MADRIGAL-WEISS, in her official** | 2:23-cv-03107-FLA (GJSx)<br><br>**STATE DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR A STAY OF DISCOVERY PENDING RULING ON MOTION TO DISMISS**<br><br>Courtroom: Courtroom 6<br>Judge: The Honorable Fernando L. Aenlle-Rocha<br>Trial Date: n/a<br>Action Filed: April 25, 2023 |

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | **capacity as Chair; MEDICAL BOARD OF CALIFORNIA; KRISTINA D. LAWSON, in her official capacity as President; DISTRICT ATTORNEY'S OFFICE FOR LOS ANGELES COUNTY; GEORGE GASCÓN, in his official capacity as District Attorney; and DOES 1 through 20, inclusive,** |
| 6 | Defendants. |

Pursuant to Local Rule 7-19 and accordance with Federal Rule of Civil Procedure, Rule 6(B), Defendants State of California; Gavin Newsom, in his official capacity as Governor; Rob Bonta in his official capacity as Attorney General of California; California Department of Public Health; Tomás J. Aragón, in his official capacity as Director of the California Department of Public Health and State Public Health Officer; California Department of Health Care Services; Michelle Baass, in her official capacity as Director of the California Department of Health Care Services; Mental Health Services Oversight and Accountability Commission; Mara Madrigal-Weiss, in her official capacity as Chair of the Mental Health Services Oversight and Accountability Commission; Medical Board of California; and Kristina D. Lawson, in her official capacity as President of the Medical Board of California (collectively, State Defendants) respectfully submit an application *ex parte* for an order staying all discovery, including discovery motions, pending a ruling on the State Defendants' motion to dismiss Plaintiffs' complaint for declaratory and injunctive relief (Complaint).

This request is made on the grounds that a stay is warranted to temporarily pause burdensome discovery proceedings that resolution of the pending motion to dismiss may ultimately render unnecessary. Specifically, the *ex parte* application is made on the grounds that: (1) the pending motion to dismiss will potentially dispose of the majority, if not all, of the case against the State Defendants; (2) the Court does not require additional information to decide the pending motion; and (3)

the expenditure of resources required to respond to discovery will be needless if the Court grants the State Defendants' motion to dismiss. Accordingly, a brief stay is in the interest of judicial economy because the parties would be relieved of the burdens of propounding and responding to discovery that would be rendered unnecessary if the case is resolved.

Furthermore, the State Defendants seek this relief via an *ex parte* order to ensure that the underlying purpose of the requested stay is not undermined by Plaintiffs' propounding of initial discovery requests. *See Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 2019 WL 8108745, at *1 n.2 (C.D. Cal. Nov. 14, 2019) (an *ex parte* application is the appropriate mechanism for requesting a discovery stay where stipulation is not possible and the timeline for a noticed motion and hearing will undercut the relief sought). The parties have extensively discussed the State Defendants' position that discovery proceedings should be temporarily stayed. The prospect of stay was raised at the parties' June 6, 2023 videoconference concerning the joint Rule 26(f) report. Declaration of Darrell Spence (Spence Decl.), ¶ 4. Though the County Defendants agreed that a stay was justified, Plaintiffs stated that they opposed any discovery stay. *Id.*

In anticipation of a noticed motion for stay of discovery, the parties again met telephonically on July 10, 2023. Spence Decl., ¶ 5. The State Defendants conveyed that the earliest possible hearing date would be August 18, 2023. *Id.* Plaintiffs reiterated their opposition to any stay and stated that initial discovery requests were imminent. *Id.*, ¶ 6. Concerned that the purpose of requested stay would be undermined by commencement of discovery before the Court could hear a motion, the State Defendants asked whether Plaintiffs would agree to hold service of discovery requests until the Court decided whether to grant a stay. *Id.* Plaintiffs said that they would not. *Id.* The State Defendants then asked whether Plaintiffs would agree that the State Defendants' responses to discovery requests would not be due until after the Court ruled on the stay request. *Id.* Plaintiffs also refused this

1 request. *Id.* Given these answers, the State Defendants explained that they would
2 likely have to seek a stay via *ex parte* application. *Id.*
3       On July 14, 2023, Plaintiffs served their initial written discovery requests.
4 Spence Decl., ¶ 7. These requests include one set of special interrogatories,
5 requests for production of documents, and requests for admission addressed
6 Attorney General Bonta and the County Defendants, and a second set of special
7 interrogatories, requests for production of documents, and requests for admission
8 addressed to the remaining State Defendants. *Id.* (Exhibit 1). The deadline to these
9 requests is August 14, 2023. *Id.*
10       In light of the forgoing, the concurrently filed Memorandum of Points and
11 Authorities, the accompanying Declaration of Darrell Spence, and the pleadings
12 and papers filed in this matter, the State Defendants respectfully request an *ex parte*
13 order staying all discovery, including discovery motions, pending a ruling on the
14 State Defendants' motion to dismiss Plaintiffs' Complaint.
15       Pursuant to Local Rule 7-19, the State Defendants provide the following
16 contact information for Plaintiffs' counsel:
17
18    MICHAEL W. BIEN
   *mbien@rbgg.com*
19    VAN SWEARINGEN
   *vswearingen@rbgg.com*
20    KARA J. JANSSEN
21    *kjanssen@rbgg.com*
   MICHAEL S. NUNEZ
22    *mnunez@rbgg.com*
23    ROSEN BIEN GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
24    San Francisco, California 94105-1738
25    Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
26
27    HABEN GIRMA
28    *contact@habengirma.com*

4

405 El Camino Real #209
Menlo Park, California 94025-5240
Telephone: (510) 210-3714

Dated: July 20, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
EDWARD KIM
DARRELL W. SPENCE
Supervising Deputy Attorneys General

KEVIN L. QUADE
CHRISTINE FRIAR WALTON
MARSHA E. BARR-FERNANDEZ
Deputy Attorneys General
*Attorneys for the State Defendants*

5