MICHAEL W. BIEN – 096891
  mbien@rbgg.com
VAN SWEARINGEN – 259809
  vswearingen@rbgg.com
KARA J. JANSSEN – 274762
  kjanssen@rbgg.com
MICHAEL S. NUNEZ – 280535
  mnunez@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104

HABEN GIRMA – 293667
  contact@habengirma.com
405 El Camino Real #209
Menlo Park, California  94025-5240
Telephone:  (510) 210 3714

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED SPINAL ASSOCIATION et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA et al., <br><br> Defendants. | Case No. 2:23-cv-03107 FLA(GJSx) <br><br> **PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' EX PARTE APPLICATION FOR A STAY OF DISCOVERY PENDING RULING ON MOTION TO DISMISS** <br><br> Judge:  Hon. Fernando L. Aenlle-Rocha <br> Magistrate:  Hon. Gail J. Standish <br><br> Trial Date:       None Set |

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................ 1

I.    FACTUAL BACKGROUND ............................................................... 1

II.   LEGAL STANDARD ......................................................................... 3

III.  STATE DEFENDANTS HAVE NOT MET THEIR "HEAVY
      BURDEN TO MAKE A STRONG SHOWING" THAT THIS
      ACTION WARRANTS A STAY ........................................................ 4

      A.    State Defendants' Motion to Dismiss Is Not Potentially
            Dispositive of the Entire Case or Issues at Which Discovery Is
            Aimed ...................................................................................... 4

            1.    State Defendants' Arguments Regarding Standing Will
                  Not Dispose of the Case .............................................. 4

            2.    State Defendants' Arguments Regarding Eleventh
                  Amendment Immunity Would Not Dispose of the Case ............ 7

            3.    State Defendants' Arguments Regarding the Viability of
                  Plaintiffs' Claims Will Not Dispose of the Case .................... 8

      B.    State Defendants' Motion to Dismiss May Require Additional
            Discovery ................................................................................ 9

      C.    A Discovery Stay Would Disrupt the Course of Litigation and
            Delay Proceedings .................................................................. 10

CONCLUSION .......................................................................................... 11

PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' EX PARTE APPLICATION FOR A STAY OF
DISCOVERY PENDING RULING ON MOTION TO DISMISS

# INTRODUCTION

State Defendants' *Ex Parte* Application for a Stay of Discovery Pending Ruling on Motion to Dismiss (ECF 22-1, "Application") should be denied because State Defendants have not met their "heavy burden" of making a strong showing why discovery should be stayed.  The Application does not convincingly show that Plaintiffs lack standing nor does it establish that Plaintiff's' Complaint neither states a single claim for relief nor can be cured through amendment.

It is unlikely, as State Defendants conjecture, that this Court will dismiss Plaintiffs' Complaint with prejudice.  Rather, the vast majority of State Defendants' arguments in their Motion to Dismiss are factual challenges, incapable of being dispositive of Plaintiffs' claims.  Plaintiffs should be allowed to proceed with discovery to prosecute their case and to meet the parties' agreed-upon discovery cutoff dates without delay.

## I.    FACTUAL BACKGROUND

Organizational Plaintiffs United Spinal Association, Not Dead Yet, Institute for Patients' Rights, and Communities Actively Living Independent and Free are organizations that represent people with disabilities or the interests of people with disabilities, and individual Plaintiffs Ingrid Tischer and Lonnie VanHook are individuals with disabilities.  Plaintiffs bring this action challenging California's End of Life Options Act ("EOLOA"), California Health and Safety Code §§ 443-443.21, under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Equal Protection and the Due Process Clauses of the United States Constitution.

Plaintiffs allege that Defendants State of California, Gavin Newsom, Robert Bonta, California Department of Public Health, Tomas J. Aragon, California Department of Health Care Services, Michelle Baass, Mental Health Services Oversight and Accountability Commission, Mara Madrigal-Weiss, Medical Board of California, Kristina D. Lawson, District Attorney's Office for Los Angeles

1

County, George Gascón, and Does 1-20 ("Defendants") violate their rights under these laws because EOLOA steers people with terminal disabilities away from necessary mental health care, medical treatment, and disability supports and towards death by suicide.  EOLOA creates a two-tiered medical system in which people who are suicidal receive radically different treatment responses by their physicians and protections from the State depending on whether the person has what the physician deems to be a "terminal disease"—which, by definition, is a disability under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Defendant California agencies and officials drastically restrict the provision of appropriate palliative, hospice, in-home care, and other supportive and protective services such that the actual supply and availability of alternatives to physician-assisted suicide is woefully inadequate to meet the demands of its aging, disabled, and chronically ill population.  By implementing and enforcing EOLOA, Defendants deny Plaintiffs and other people with terminal disabilities the benefits of certain civil and criminal laws as well as the benefits of their suicide prevention, mental health, and other relevant public services.

EOLOA violates the Equal Protection Clause of the Fourteenth Amendment by treating differently people with terminal disabilities as compared to everyone else who expresses a wish to die to their medical doctor.  There is no rational basis for EOLOA's "terminal" classification given that physicians often misdiagnose some patients as having terminal diseases, physicians' prognosis of six months to live is often incorrect, and the "terminal" classification includes people who can live a longer life span with treatment and supports but not without them. EOLOA's purpose–providing an early death to someone who will die from a terminal illness within six months–is irrational, unreliable, and discriminatory, in violation of both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.  EOLOA further violates the Due Process Clause of the Fourteenth Amendment by failing to include least-restrictive alternatives and sufficient

2

safeguards to ensure that a judgment-impaired, or unduly influenced person does not receive and/or ingest lethal physician-assisted suicide drugs without adequate due process in consideration of their fundamental right to live.

Among other things, Plaintiffs' Complaint ask the Court to declare EOLOA unlawful and unconstitutional, and enjoin Defendants from authorizing, implementing, and enforcing EOLOA.

## II.    LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do[ ] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am., Inc.*, Case No. 2:10-cv-02630-JAM (KJN), 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "Indeed, district courts look unfavorably upon such blanket stays of discovery." *Id.*; *see also Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect.").

"It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013) (citing *Turner Broad. Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)); *see also Nken v. Holder*, 556 U.S. 418, 433-34 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

Many California district courts have applied a two-part test to determine whether a stay of discovery is appropriate: "it is appropriate to stay discovery if (1) 'the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' and (2) 'the pending,

3

potentially dispositive motion can be decided absent additional discovery.'" *See Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, Case No. 8:19-cv-00927-JLS (JEMx), 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (citing *Mlejnecky*, 2011 WL 489743, at *6) (emphasis added). "This two-factor test requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted." *Nguyen v. BMW of N. Am., LLC.*, Case No. 3:20-cv-02432-JLS (BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021) (quotation marks omitted). Other courts in the Ninth Circuit have applied a more lenient standard, "tak[ing] a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

## III. STATE DEFENDANTS HAVE NOT MET THEIR "HEAVY BURDEN TO MAKE A STRONG SHOWING" THAT THIS ACTION WARRANTS A STAY

### A. State Defendants' Motion to Dismiss Is Not Potentially Dispositive of the Entire Case or Issues at Which Discovery Is Aimed

It is likely that State Defendants' pending Motion to Dismiss (ECF 20-1, "Motion") will not be dispositive of the entire case, and it is not "immediately clear" that the Motion will be granted.

#### 1. State Defendants' Arguments Regarding Standing Will Not Dispose of the Case

State Defendants argue in their pending Motion that individual Plaintiffs VanHook and Tischer cannot establish Article III standing to assert claims against any defendants. ECF 20-1 at 15-20[1]. State Defendants' argument rests on factual—not just legal—attacks, including whether or not Plaintiffs VanHook and Tischer are "currently eligible for [lethal] medication under the EOLOA." *Id.* at 16. Plaintiffs'

---

[1] All page numbers refer to the ECF page number.

4

complaint contains substantial allegations explaining that both Plaintiffs VanHook and Tischer are indeed eligible for physician-assisted suicide, *see* ECF 1 at 19-22, and these allegations must be accepted as true for purposes of resolving State Defendants' Motion.  *See Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010) quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005) ("When we review the grant of a motion to dismiss, 'we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.'")

State Defendants argue that even if individual Plaintiffs are eligible for physician-assisted suicide, standing is legally foreclosed by *Lee v. Oregon*, 107 F.3d 1382 (9th Cir. 1997).  But *Lee* is a 25+ year old case involving a different law (Oregon's Death With Dignity Act), with different statutory requirements, and different factual allegations regarding the individual plaintiffs in that case.  For example, whereas Oregon's Death With Dignity Act requires a fifteen-day waiting period between their first oral and written request and their second oral request to receive lethal medication, *see Lee* , 107 F.3d at 1394, in 2021 Defendant Governor Newsom signed into law a bill that amended EOLOA to shorten the California law's waiting period from fifteen days to only 48 hours.  *See* Complaint, ECF 1 at 82; *see also Christian Med. & Dental Ass'n v. Bonta*, 625 F. Supp. 3d 1018, 1026 (C.D. Cal. 2022).  As alleged in the Complaint, deficient safeguards specific to California's EOLOA are factually different from the requirements under the Oregon law and threaten the lives of Plaintiffs and other individuals in California.

Similarly, the individual Plaintiff factual allegations in this case are markedly different than those in *Lee*.  State Defendants argue that the theory of injury articulated by individual Plaintiffs VanHook and Tischer is "clearly foreclosed" by *Lee* given that their injuries are "dependent on a 'chain of speculative contingencies'," citing those contingent events identified in relation to the plaintiff in *Lee*.  Motion at 17-19.  But the plaintiff in *Lee* made different factual allegations

5

than those made by Plaintiffs VanHook and Tischer.  For example, in *Lee*, it was speculative that the plaintiff would:  become so depressed as to take their own life; make a request to their physician to end their life; have their attending physician fail to recognize that the decision to end their own life is not the product of a sound mind; have the physician mistakenly conclude that the Plaintiff had capacity and was making an informed and voluntary decision; and have the physician assist the death of the patient.  *See Lee*, 107 F.3d at 1388.  In contrast, here, Plaintiff VanHook has alleged that while he was on a 5150 hold, he requested that his doctors help him die and they agreed, despite the fact that he does want to live.  *See* Complaint, ECF 1 at 20.  The factual allegations unique to Plaintiffs in this case and the different statutory requirements at issue in this action do not necessitate dismissal based upon *Lee*.

State Defendants' also argue in their Motion that the organizational Plaintiffs "do not sufficiently allege that Defendants' EOLOA-related conduct actually impedes and frustrates their stated missions."  ECF 20-1 at 22.  State Defendants' near certainty in their likelihood of prevailing on the Motion ignores the strength of Plaintiffs' allegations, including that Defendants' actions and omissions do, in fact, frustrate and impede the organizational Plaintiffs' missions.  For example, the Complaint alleges that in relation to Plaintiff United Spinal:

> Defendants' actions and omissions have frustrated the organization's mission to empower and advocate for people with spinal cord injuries to obtain better quality of life and greater independence. United Spinal has diverted resources to address and counteract concerns about physician-assisted suicide in California as well as advocate for its members and constituents who are placed at risk of harm by EOLOA and/or at risk of being steered toward utilizing physician-assisted suicide. United Spinal has expended resources on education and outreach campaigns targeted at addressing physician-assisted suicide. This includes publishing a position statement opposing physician-assisted suicide and a message from the organization's CEO about the dangers of the practice. United Spinal has held public information discussions to inform its members concerning assisted suicide laws and their impact on equality, dignity, and access to care for people with disabilities. United Spinal monitors reports from peer support mentors concerning physician-assisted suicide, and has surveyed an online group of individuals with spinal cord injuries about their experiences

6

1
2
3

with the practice. United Spinal is unable to devote these resources to its other critical programs. By steering people with spinal cord injuries towards physician-assisted suicide, EOLOA impedes United Spinal's mission to support their members in obtaining greater quality of life.

4    ECF 1 at 13-14.

5         In the above examples and elsewhere, State Defendants have mounted a

6    factual attack on Plaintiffs' Article III standing.  But "a court must refrain from

7    granting Rule 12(b)(1) motions to dismiss where the defendant disputes the facts

8    underpinning subject-matter jurisdiction and those facts are 'inextricably

9    intertwined' with the merits of the plaintiff's claim."  *City of Los Angeles v.*

10   *Citigroup Inc.*, 24 F. Supp. 3d 940, 948 (C.D. Cal. 2014) (citing *Augustine v. United*

11   *States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see also Philips v. Ford Motor Co.*,

12   No. 14-CV-02989-LHK, 2016 WL 693283, at *15 (N.D. Cal. Feb. 22, 2016)

13   (declining to resolve disputed jurisdictional facts regarding design of allegedly

14   defective vehicles because "[defendant's] standing argument involves factual

15   disputes that implicate the merits of the California Plaintiffs' claims") (citing

16   *Kingman Reef Atoll Invs., L.L.C., v. U.S.*, 541 F.3d 1189, 1196-97 (9th Cir. 2008)).

17
18

**2.      State Defendants' Arguments Regarding Eleventh Amendment Immunity Would Not Dispose of the Case**

19        State Defendants' Motion argues that Eleventh Amendment immunity bars

20   Plaintiffs' claims against Defendants Governor Newsom, DPH Director Aragòn, and

21   MHSOAC Chair Madrigal-Weiss, ECF 20-1 at 24-16; however, Defendants'

22   Application does not rely on these bases for dismissal as a reason to grant the

23   Application.  This is likely because even if State Defendants were to prevail on this

24   argument in their Motion, the Eleventh Amendment would bar claims against, at

25   most, only some—not all—Defendants, and Plaintiffs' claims would continue to be

26   litigated as to those other Defendants.  Not being dispositive of the case, potential

27   Eleventh Amendment immunity is an insufficient basis on which to grant State

28   Defendants' Application.

### 3.   State Defendants' Arguments Regarding the Viability of Plaintiffs' Claims Will Not Dispose of the Case

State Defendants contend that Plaintiffs fail to state viable statutory and constitutional claims.  Application, ECF 22-1 at 7.  In doing so, State Defendants again make factual challenges that cannot be resolved on a motion to dismiss, and it is therefore not immediately clear that they will prevail on their Motion.  For example, State Defendants argue that Plaintiffs' ADA and Section 504 claims cannot survive because EOLOA "confers on terminally-ill disabled persons *more rights and services*—an additional voluntary option for end-of-life care—than non-terminally ill and non-disabled Californians."  Motion at 27-28.  This argument is at odds with the allegations in the Complaint, which state that under EOLOA, terminally-ill people in California who request to die by physician-assisted suicide are not provided with the same suicide services and programs as non-terminally ill people who express suicidality to their doctors.  Indeed, throughout their Motion, Defendants make sweeping factual claims about EOLOA, such as "the statutory scheme fully accounts for and mandates compliance with multiple safeguards put in place to eliminate this possibility [that EOLOA can result in involuntary deaths]."  Motion at 28.  Whether the statutory scheme has sufficient safeguards or those safeguards are sufficient to eliminate the possibility of involuntary death are disputed factual questions that cannot be resolved through State Defendants' Motion to Dismiss.

State Defendants cavalierly argue that this Court will likely dismiss Plaintiffs' Complaint with prejudice, but fail to meet their heavy burden to show why dismissal with prejudice is appropriate.  Application at 6.  Even if State Defendants' pending Motion were granted, federal courts liberally provide leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  If Plaintiffs were granted leave to amend their Complaint, State Defendants' Motion would not be "dispositive."  *See Singh v. Google, Inc.*, No. 16-cv-3734, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery because, "even if Defendant were correct that

8

1    Plaintiff's claims must be dismissed as alleged, the Court would consider whether

2    leave to amend should be granted, rendering [Defendant's] motion not dispositive").

3         **B.    State Defendants' Motion to Dismiss May Require Additional Discovery**

4

5         State Defendants contend in their Application that no discovery is necessary

6    to decide standing or the viability of Plaintiffs' claims.  ECF 22-1 at 7.  While

7    Plaintiffs believe that the allegations in the Complaint regarding standing and

8    Plaintiffs claims are indeed sufficient to survive State Defendants' Motion, it is not

9    inconceivable that discovery on certain issues may be necessary.

10        For example, State Defendants argue that "Plaintiffs have failed to allege a

11   substantive connection to the EOLOA that would justify an exception to Eleventh

12   Amendment immunity" as to Defendants Governor Newsom, DPH Director Aragòn,

13   and MHSOAC Chair Madrigal-Weiss.  Motion at 24-16.  Discovery may be

14   necessary to ascertain whether there is a sufficient connection between these public

15   official and the enforcement of EOLOA.  Plaintiffs have alleged that there is a

16   sufficient connection.  *See, e.g.*, Complaint, ECF 1 at 86 (alleging that Aragòn and

17   Madrigal-Weiss "violate the ADA and its implementing regulations by: (1) denying

18   people with terminal disabilities the opportunity to participate in or benefit from

19   public and behavioral health services; (2) providing an opportunity to people with

20   terminal disabilities to participate in or benefit from public and behavioral health

21   services that is not equal to that afforded to others; (3) providing public and

22   behavioral health services to people with terminal disabilities that are not as

23   effective in affording equal opportunity to obtain the same result or benefit as that

24   provided to others; (4) unnecessarily providing different or separate public and

25   behavioral health services to individuals with terminal disabilities; (5) limiting

26   people with terminal disabilities in the enjoyment of rights, privileges, advantage, or

27   opportunities enjoyed by others, including the benefits of public and behavioral

28   health services; and (6) using criteria or methods of administration that have the

1 effect of discriminating against people with terminal disabilities and substantially
2 impairing accomplishment of the objectives of these public entities with respect to
3 individuals with terminal disabilities."). Discovery related to these officials'
4 connection to EOLOA, which is relevant to this question, may be necessary and is a
5 reason for denying the stay.

6 **C.   A Discovery Stay Would Disrupt the Course of Litigation and Delay Proceedings**
7

8      Motions to stay discovery "are disfavored." *Deleon v. Time Warner Cable*
9 *LLC*, No. CV 10-2468, 2010 WL 11475234, at *1 (C.D. Cal. Aug. 2, 2010). The
10 Federal Rules and the Court's Local Rules provide an orderly process for litigation,
11 which requires parties to move cases forward. Despite a near-universal desire
12 among defendants to stay discovery pending motions to dismiss, federal courts
13 routinely permit discovery to proceed even when motions to dismiss are pending.
14 This Court has denied similar motions to stay discovery pending motions to dismiss.
15 *See, e.g.*, *Cain v. JPay, Inc.*, No. 221CV07401FLAAGRX, 2022 WL 1840342, at *1
16 (C.D. Cal. Apr. 4, 2022); *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No.
17 221CV00194FLAMAAX, 2021 WL 4972623, at *1 (C.D. Cal. Sept. 1, 2021); *NMS*
18 *1539, LLC v. City of Santa Monica*, No. 220CV11318FLAJPRX, 2022 WL
19 3575311, at *2 (C.D. Cal. July 26, 2022).

20      Here, litigation was proceeding apace until State Defendants filed the instant
21 Application. The parties have already met and conferred about initial case
22 management issues and filed a Joint Rule 26(f) Report on June 20, 2023. *See* ECF
23 19. The same day, Plaintiffs served their initial disclosures. *Id.* at 10. In their Joint
24 Rule 26(f) Report, the parties agreed that they anticipate completing all non-expert
25 discovery no later than March 1, 2024. *Id.* at 12. Plaintiffs have already served
26 written discovery on Defendants, in part to ensure that discovery is completed in a
27 timely manner envisioned by the parties. *See* Application at 4.
28      State Defendants offer boilerplate and speculative reasons for why discovery

10

should not go forward, providing no specifics as to burden or cost as to any Defendant, custodian, or other entity. *See e.g.*, Application at 8 ("it is *likely* that the areas for potential discovery will differ greatly between the various State Defendants, requiring fully separate, burdensome expenditure of time and resources") (emphasis added). State Defendants surmise that issues "concerning confidentiality and privilege as to the requested discovery *may arise.*" Application at 9 (emphasis added). But nothing prevents them from responding to discovery by serving appropriate objections.

In contrast, if granted, State Defendants' Application will delay resolution of the merits of this case by months. Doing so will prejudice Plaintiffs, who allege in their Complaint that EOLOA threatens the lives Californians by steering people with terminal disabilities away from necessary mental health care, medical care, and disability supports, and towards death by suicide. *See, e.g.*, ECF 1 at 5, 18-19.

## CONCLUSION

For the foregoing reasons, State Defendants have failed to meet their heavy burden to show that a stay is warranted, and their Application should be denied in full.

DATED:  July 21, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: *Van Swearingen*

Van Swearingen

Attorneys for Plaintiffs

11